UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

TERENCE C. BODDIE,

Plaintiff,

-against-                                                    **MEMORANDUM & ORDER**

ROGER CHUNG, Parole Officer; KEVIN                          09 CV 04789 (RJD) (LB)
UZELL, Senior Parole Officer; ANDREA
D. EVANS, Chairperson of the New York
State Division of Parole,

Defendants.

—————————————————————————X

DEARIE, United States District Judge:

On October 26, 2009, plaintiff,[1] proceeding *pro se* and incarcerated at Mohawk

Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 to challenge a condition of

his parole and the imposition of a parole supervision fee. Plaintiff's request to proceed *in forma*

*pauperis* is granted solely for the purpose of this Order pursuant to 28 U.S.C. § 1915. The

complaint is dismissed for the reasons set forth below.

---

[1] The Court takes judicial notice that a Suggestion of Plaintiff's Death pursuant to Fed. R.
Civ. P. 25(a)(1) was filed in Boddie v. Evans, 08-CV-911 (KAM)(LB), stating that plaintiff
passed away on or about December 16, 2009 and including a copy of his death certificate dated
December 24, 2009. See Docket Nos. 64, 67. Because under New York law, a claim for
damages asserted under Section 1983 survives death, plaintiff's demise does not moot this
action. See Campos v. Weissman, 2009 WL 7771872, at *4 (N.D.N.Y. 2009) (if a person had a
cause of action under Section 1983, the cause of action survives for the benefit of that decedent's
estate where applicable state law creates a right of survival; under New York law, a personal
injury claim like those asserted under Section 1983 survives); see also Barrett v. United States,
689 F.2d 324, 331 (2d Cir.1982) (42 U.S.C. § 1983 actions survive death). Accordingly, the
Clerk of Court is directed to serve a copy of this Order upon plaintiff's brother's last known
address, Kevin Boddie, As Brother of Terence Boddie, 109-38 216th Street, Queens Village, New
York 11429.

BACKGROUND

Despite plaintiff's representation that he has not "filed any other lawsuits in state or federal court relating to [his] imprisonment," Complaint at 3,[2] plaintiff has, in fact, filed many.[3] In the instant action, brought pursuant to 42 U.S.C. § 1983, he challenges a special condition of his past and future parole that requires that he "notify [his] parole officer when [he] become[s] romantically involved and . . . inform the other party of [his] prior criminal history concerning sexual offense." Complaint at 8, 19, 21. Plaintiff contends that this special condition violates his First, Fifth and Fourteenth Amendment rights to form private friendships and relationships and his rights to "expressive association." Id. at 7. In addition, he objects to the parole supervision fee imposed on him during his past parole on the ground that its imposition violates the double jeopardy and ex post facto clauses of the Constitution and is an unconstitutional taking of his property. Complaint at 13.

STANDARD OF REVIEW

"[I]n a civil action in which a prisoner seeks redress from [an] officer or employee of a governmental entity," such as the action here, a court may dismiss the complaint or any portion if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C.

---

[2] The Court has sequentially paginated the "Inmate Civil Rights Complaint" ("Complaint") and the attachments for ease of reference.

[3] The federal actions include: Boddie v. Brunelle et al., 95 Civ. 748 (W.D.N.Y); Boddie v. Coombe et al., 96 Civ. 116 (W.D.N.Y.); Boddie v. N.Y. State Dep't of Corr., 96 Civ. 3291 (S.D.N.Y.); Boddie v. Edwards, 97 Civ. 7821 (S.D.N.Y.); Boddie v. N.Y. State Parole, 02 Civ. 8731 (S.D.N.Y.); Boddie v. N.Y. State Division of Parole, 03 Civ. 2599 (S.D.N.Y.); Boddie v. Breslin, 04-CV-168 (E.D.N.Y.); Boddie v. Chung et al., 08-CV-911 (E.D.N.Y); Boddie v. Chung, 09-CV-3308 (E.D.N.Y.).

§§ 1915A(a)-(b).  A court may dismiss an action filed in forma pauperis for the same reasons.

See 28 U.S.C. § 1915(e)(2).  In applying these rules, the Court is mindful that "[a] pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation

marks omitted).


## DISCUSSION

### A. Condition of Parole

A parolee has no constitutionally protected interest in being free of a special condition of

parole.  Cooper v. Dennison, 2011 WL 1118685, at * 11 (W.D.N.Y. 2011) (quoting Pena v.

Travis, 2002 WL 31886175 at *13 (S.D.N.Y. 2002)) ("Because the imposition of special

conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not

have a protected liberty interest in being free from special conditions."); see also 9 N.Y.

Comp.Codes R. & Regs., tit. 9, § 8003.3 ("A special condition may be imposed upon a releasee

either prior or subsequent to release. . . . Each special condition may be imposed by a member or

members of the Board of Parole, an authorized representative of the Division of Parole, or a

parole officer.").

Review of conditions of parole is generally a matter for state courts.  See Pena, 2002 WL

31886175, at *9-10; see also, Hyman v. New York State Div. of Parole, 801 N.Y.S.2d 599 (1st

Dep't 2005) (special parole conditions "designed to reduce the opportunities for [prisoner], a

convicted sex offender who raped a minor while on conditional release from prison, to relapse

into sexual misconduct, constituted a proper exercise of discretion").  Moreover, parole

3

conditions are "not subject to judicial review in the absence of a showing that the board or its

agents acted in an arbitrary and capricious manner." Robinson v. Pagan, 2006 WL 3626930, at

*1 n. 2 (S.D.N.Y. 2006) (citing Pena, 2002 WL 31886175). Because there is a clear connection

between the condition imposed upon plaintiff and the crime for which he was convicted and

sentenced,[4] its imposition is not arbitrary and capricious. Accordingly, plaintiff's challenge to

the parole condition is dismissed for failure to state a claim on which relief may be granted. 28

U.S.C. § 1915(e)(2)(B)(ii); 1915A.

**B. Parole Supervision Fees**

Plaintiff also argues that defendants' imposition of parole supervision fees of $30 per

month pursuant to New York Executive Law § 259-A(9) when he "committed his crime before

its enactment" implicates the double jeopardy and ex post facto clauses of the Constitution and

violates his property rights. However, "a reasonable user fee is not a taking if it is imposed for

the reimbursement of the cost of government services." United States v. Sperry Corp., 493 U.S.

52, 63 (1989). Moreover, because the imposition of such fees is not punitive, there is no

violation of the double jeopardy or ex post facto clause. See, e.g., In re DNA Ex Post Facto

Issues, 561 F.3d 294, 300 (4th Cir. 2009) ($250 processing fee for submission of DNA sample

not punitive); Walters v. Kautzky, 187 F.3d 645, 645 (8th Cir. 1999) (incarceration fee does not

violate ex post facto clause because plaintiff failed to show that fee statute was implemented for

punitive purposes); Taylor v. State of R.I., 101 F.3d 780, 783-84 (1st Cir. 1996) ($15.00 monthly

---

[4] The Court takes judicial notice of the plaintiff's petition for a writ of habeas corpus and its Attachment A filed in Boddie v. Breslin, 04-CV-168 (E.D.N.Y.) in which the New York State Division of Parole notes that plaintiff's conviction was for rape, sodomy and sexual abuse at gunpoint.

supervision fee was civil, not criminal, in nature); Owens v. Sebelius, 357 F. Supp. 2d 1281

(D.Kan. 2005) (deduction from plaintiff's prison trust account of fees incurred for parole

supervision did not violate ex post facto clause because it was not punitive in nature, nor did it

constitute an unlawful taking of property); Frazier v. Mont. State Dep't of Corrs., 277 Mont. 82,

920 P.2d 93, 95-96 (1996) ($10.00 monthly supervision fee was "civil administrative fee," not

punishment); Pennsylvania v. Nicely, 536 Pa. 144, 638 A.2d 213, 216 (1994) ($25.00 monthly

supervisory fee administrative in nature and not intended to be punitive). Plaintiff's claim

regarding the imposition of parole supervision fees is therefore dismissed for failure to state a

claim. 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A.


## CONCLUSION

Accordingly the complaint is dismissed. 28 U.S.C. §§1915(e)(2)(B); 1915A.   The Court

certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any request to appeal from this order *in forma*

*pauperis* would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45

(1962).


SO ORDERED.                                  s/ Judge Raymond J. Dearie

                                             _____
                                             Raymond J. Dearie
                                             United States District Judge

Dated:  Brooklyn, New York
        May    2 , 2011


5